The information available on Case.net is provided as a service and is not considered an official court record.

**Case: 1:26-cv-00159-ACL    Doc. #: 1-1    Filed: 07/02/26    Page: 1 of 45 PageID #: 5**

Case.net:26BT-CV01073 - ANGELICK KELLAM V SAINT FRANCIS MEDICAL CTR ET AL (E-CASE) - Docket Entries

| Respond to Selected Documents |    Sort by date: Descending Ascending    Display options: All Entries ⌄

**06/30/2026**

### Entry of Appearance Filed

Entry of Appearance; Electronic Filing Certificate of Service.
   **Filed By:** BRYAN DAVID LEMOINE
   **On Behalf Of:** SAINT FRANCIS CLINIC POPLAR BLUFF

**06/29/2026**

### CRIFS/Unredacted Document

Confidential Redacted Information Filing Sheet; Exhibit A Unredacted; Exhibit B Unredacted; Exhibit C Unredacted; Exhibit D Unredacted in associated to Petition (other) filed on 06/29/2026. FORWARDED TO JUDGE FOR REVIEW. /aj
   **Filed By:** GREG NORMAN TOURIGNY
   **On Behalf Of:** ANGELICK Q KELLAM
   **Associated Entries: 06/29/2026 -**
### Amended Motion/Petition Filed

   +

### Amended Motion/Petition Filed

Unredacted Plaintiffs First Amended Petition; Redacted Exhibit A; Redacted Exhibit B; Redacted Exhibit C; Redacted Exhibit D. FORWARDED TO JUDGE FOR REVIEW. /aj
   **Filed By:** GREG NORMAN TOURIGNY
   **On Behalf Of:** ANGELICK Q KELLAM
   **Associated Entries: 06/29/2026 -** 🔒
### CRIFS/Unredacted Document

   +

**06/09/2026**

### Corporation Served

Document ID - 26-SMCC-151; Served To - SAINT FRANCIS CLINIC POPLAR BLUFF; Server - SB SERVE LLC; Served Date - 06/04/2026; Served Time - 12:20:00; Service Type - SP; Reason Description - SERV; Service Text -SERVED TO GORDAN GLAUS SFMC ATTORNEY
**Notice of Service**
SUMMONS 26-SMCC-151 SERVED
   **Filed By:** GREG NORMAN TOURIGNY
   **On Behalf Of:** ANGELICK Q KELLAM

**05/29/2026**

### Summons Issued-Circuit

Document ID: 26-SMCC-151, for SAINT FRANCIS CLINIC POPLAR BLUFF SUMMONS ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE NET TO OBTAIN SERVICE.aj
### Order - Special Process Server
**Motion Granted/Sustained**


   **Associated Entries: 05/28/2026 -**
### Motion Special Process Server

   +

**05/28/2026**

### Motion Special Process Server

Motion for Appointment and Approval of Special Process Server.
   **Filed By:** GREG NORMAN TOURIGNY
   **On Behalf Of:** ANGELICK Q KELLAM
   **Associated Entries: 05/29/2026 - Motion Granted/Sustained**
**Confid Filing Info Sheet Filed**
Confidential filing information sheet.
   **Filed By:** GREG NORMAN TOURIGNY
   **On Behalf Of:** ANGELICK Q KELLAM

**05/05/2026**

### Judge/Clerk - Note

ATTORNEY TOURIGNY: Please be advised that a summons will be issued upon efiling of an updated Confidential Information Sheet providing your client's SSN per Local Court Rule 3.2 (a) and (b) and Missouri Supreme Court Rule 4.07. sg

Exhibit A

**Case Review Scheduled**

COURT'S COMMON PLEAS HALL

Scheduled For: 11/16/2026; 9:00 AM; KACEY LEE PROCTOR; Butler

05/04/2026

**Request for Jury Trial Filed**

    **Filed By:** GREG NORMAN TOURIGNY

**Filing Info Sheet eFiling**

    **Filed By:** GREG NORMAN TOURIGNY

**Confid Filing Info Sheet Filed**

CRIFS; Exhibit B; Exhibit A.

    **Filed By:** GREG NORMAN TOURIGNY

    **On Behalf Of:** ANGELICK Q KELLAM

**Pet Filed in Circuit Ct**

Petition; Exhibit B redacted; Exhibit A redacted.

    **Filed By:** GREG NORMAN TOURIGNY

    **On Behalf Of:** ANGELICK Q KELLAM

Electronically Filed - BUTLER - June 30, 2026 - 01:22 PM

**IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI**

| | | |
|---|---|---|
| ANGELICK KELLAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 26BT-CV01073 |
| | ) | |
| v. | ) | |
| | ) | |
| SAINT FRANCIS MEDICAL CENTER, | ) | |
| | ) | |
| D/B/A | ) | |
| | ) | |
| SAINT FRANCIS CLINIC POPLAR BLUFF | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Bryan D. LeMoine, on behalf of Beckemeier LeMoine Law, and enters his appearance as counsel for Defendant Saint Francis Medical Center, d/b/a Saint Francis Clinic Poplar Bluff.

Respectfully submitted,

BECKEMEIER LEMOINE LAW

By:  /s/ Bryan D. LeMoine
Bryan D. LeMoine, #49784
13421 Manchester Road, Suite 103
St. Louis, Missouri 63131
314 965 2277 (phone)
314 720 8940 (fax/direct)
bryan@bl-stl.com

*Counsel for Defendant*
*Saint Francis Medical Center*

1

Electronically Filed - BUTLER - June 30, 2026 - 01:22 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Bryan D. LeMoine

2

Electronically Filed - BUTLER - June 30, 2026 - 01:22 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    GREG NORMAN TOURIGNY, Attorney for Plaintiff
SERVICE EMAIL:    greg@tourignylaw.com

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

**IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI**

| | |
|---|---|
| ANGELICK KELLAM ) | |
| *Plaintiff,* ) | |
| v. ) | |
| ) | |
| SAINT FRANCIS MEDICAL CENTER, ) | Case No. 26BT-CV01073 |
| D/B/A ) | |
| SAINT FRANCIS CLINIC POPLAR BLUFF ) | |
| ) | |
| And ) | |
| ) | |
| EXPRESS SERVICES, INC. ) | |
| D/B/A ) | |
| EXPRESS EMPLOYMENT PROFESSIONALS ) | |
| ) | |
| *Serve Registered Agent:* ) | |
| C T CORPORATION SYSTEM ) | |
| 5661 Telegraph Rd Ste 4B ) | |
| Saint Louis, MO 63129-4275 ) | |
| ) | |
| *Defendants,* ) | |

**FIRST AMENDED PETITION**

COMES NOW Plaintiff Angelick Kellam, through counsel, and pursuant to Rule 53.01, Rule 55, and R.S.Mo. § 213.111, alleging the following in support of her claims for relief:

**INTRODUCTION**

1.      This is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 and the Missouri Human Rights Act.

2.      Defendant Saint Francis Medical Center d/b/a Saint Francis Clinic Poplar Bluff (or "Saint Francis") violated Title VII by subjecting Plaintiff to sex discrimination and retaliation.

3.      Defendant Express Services, Inc. d/b/a Express Employment Professionals (hereinafter "Express") violated Title VII and the MHRA by subjecting Plaintiff to sex discrimination and retaliation.

4.      Plaintiff seeks all relief available under the Title VII, including nominal, actual compensatory damages, costs, fees, an enhancement of fees, interest, and equitable relief.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

## PARTIES

5. Plaintiff Angelick Kellam is a resident and citizen of Butler County, Missouri.

6. Plaintiff is a black female.

7. Defendant St. Francis is a Missouri Corporation with its principal place of business located at 211 Saint Francis Drive, Cape Girardeau, MO 63703.

8. Defendant Express operates an office at 682 MO-142, Poplar Bluff, MO 63901.

9. Throughout Plaintiff's employment with Defendant, St. Francis was a Missouri Corporation.

10. Throughout Plaintiff's employment with Defendant, Defendant St. Francis employed more than 50 persons in Missouri.

11. Throughout Plaintiff's employment with Defendant, Defendant St. Francis was an "employer" as defined by R.S.Mo. 213.010(8).

12. Defendant St. Francis conducts ongoing and substantial business in Missouri.

13. Defendant St. Francis employed Plaintiff to perform job duties in Missouri.

14. Defendant St. Francis is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

15. Throughout Plaintiff's employment with Defendant, Express was a Missouri Corporation.

16. Throughout Plaintiff's employment with Defendant, Defendant Express employed more than 50 persons in Missouri.

17. Throughout Plaintiff's employment with Defendant Express was an "employer"

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

as defined by R.S.Mo. 213.010(8).

18.    Defendant Express conducts ongoing and substantial business in Missouri.

19.    Defendant Express employed Plaintiff to perform job duties in Missouri.

20.    Defendant Express is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

21.    Based upon information and belief both Defendants were joint employers of Plaintiff.

## SUBJECT MATTER JURISDICTION AND VENUE

22.    This Court has general original jurisdiction over this case pursuant to article V, section 14 of the Missouri Constitution because this is a civil case.

23.    Plaintiff is a resident of Butler County, Missouri.

24.    Defendant St. Francis conducts business in Butler County, MO at its St. Francis Clinic Poplar Bluff located at 225 Physicians Park Drive, Poplar Bluff, MO 63901.

25.    Pursuant to R.S.Mo. § 213.111.1, venue is proper in this Court because the unlawful discriminatory acts alleged occurred in Butler County, Missouri.

## ADMINISTRATIVE PROCEDURES

26.    On March 4, 2025, Plaintiff dual filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission against Defendant. The Charge was assigned MCHR# P-03/25-05705 and EEOC# 28E-2025-00392. A copy of this Charge is attached hereto as Exhibit A and is incorporated herein by reference.

27.    On February 14, 2025, Plaintiff dual filed a Charge of Discrimination with the

3

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

Missouri Commission on Human Rights and the Equal Employment Opportunity Commission against Defendant. The Charge was assigned MCHR# E-02/25-56780 and EEOC# 28E-2025-00395. A copy of this Charge is attached hereto as Exhibit C and is incorporated herein by reference.

28.     On February 6, 2026, the U.S. Equal Employment Opportunity Commission issued Plaintiff a Determination and Notice of Rights, allowing Plaintiff to file a lawsuit regarding the allegations made in EEOC Charge# 28E-2025-00392. A copy of the notice is attached hereto as Exhibit B and incorporated herein by reference.

29.     The Petition was filed within 90 days of February 6, 2026.

30.     On June 22, 2026 U.S. Equal Employment Opportunity Commission issued Plaintiff a Determination and Notice of Rights, allowing Plaintiff to file a lawsuit regarding the allegations made in EEOC Charge# 28E-2025-00395. A copy of the notice is attached hereto as Exhibit D and incorporated herein by reference.

31.     This First Amended Petition has been filed within 90 Days of June 22, 2026.

## FACTUAL ALLEGATIONS

32.     Plaintiff worked for Defendant St. Francis from Approximately October, 2024, to approximately December 3, 2025.

33.     Plaintiff worked for Defendant Express from Approximately October, 2024, to approximately December 3, 2025.

34.     Defendant Express placed Plaintiff in her employment with St. Francis.

35.     Defendant St. Francis hired Plaintiff as a Housekeeper.

36.     Plaintiff performed work as a Housekeeper for Defendant St. Francis.

37.     Plaintiff's daily tasks and job duties were given to her by St. Francis employees.

38.     Plaintiff directly reported to Defendant St. Francis employees.

4

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

39.     Plaintiff was sexually harassed by St. Francis Employees.

40.     On or about 11/26/24, Plaintiff was in an exam room on her hand and knees scrubbing the floor when a male employee for Defendant came in the room behind her and grabbed her shoulders forcibly tight.

41.     Plaintiff felt scared and violated.

42.     Plaintiff jumped up and yelled 'don't touch me'.

43.     Plaintiff told the male employee that it was inappropriate and not to do it again.

44.     At that time, the male employee replied that he had another sexual harassment case against a nurse, that was dropped because the owner hired him.

45.     Plaintiff told him to go back to his floor and do his job.

46.     A few hours later on the same shift, when he showed up again while Plaintiff was cleaning one of the restrooms.

47.     The male employee had a jacket, gloves, and a hat on like he had been outside.

48.     Before Plaintiff could ask him to leave, he threw two one-hundred-dollar bills in her face saying, "how much would it cost?"

49.     Plaintiff held back tears and told him that "I am going to file a complaint."

50.     Plaintiff tried to leave but he blocked the door saying, "I just went to the ATM, and I can go get more."

51.     Plaintiff pushed past him and went to hide in the breakroom.

52.     On 11/28/2024 Plaintiff called her supervisor.

53.     The phone rang one time and was forwarded to the voicemail box.

54.     Plaintiff's supervisor never returned her call.

55.     Plaintiff called her supervisor again and got through.

56.     Plaintiff told her supervisor that she needed to file a sexual harassment complaint.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

57.     Plaintiff's supervisor completely dismissed her complaint, and Plaintiff told him that she was going to contact HR.

58.     At that point, Plaintiff's Supervisor shouted at Plaintiff over the phone and told her to leave the building and hand in her keys.

59.     On or about December 4, 2024 Plaintiff contacted St. Francis HR Department.

60.     Plaintiff called the St. Francis Clinic in Poplar Bluff and was informed that there was no HR Department at this location and that their HR Department was in Cape Girardeau.

61.     Plaintiff then called St. Francis in Cape Girardeau where she was transferred to the HR and then a voicemail.

62.     Plaintiff left brief message about her complaints of sexual harassment.

63.     Within 20 minutes, Plaintiff received a call from the Director of HR.

64.     Plaintiff explained the above situation to the Director.

65.     She apologized numerous times and assuring Plaintiff they had a zero tolerance for sexual harassment.

66.     This was the last that Plaintiff heard from St. Francis regarding her employment.

67.     Plaintiff made several calls to Express after making her complaints to Defendant St. Francis.

68.     Plaintiff spoke with the representative for Express and explained the above sexual harassment to her.

69.     After providing her statement and complaint of sexual harassment at the placement Express sent her, Plaintiff was never placed in another placement for work by Express.

## COUNT I
### Discrimination Based on Sex
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.
### (Against All Defendants)

70.     Plaintiff incorporates by reference every other paragraph in this Petition.

6

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

71. Plaintiff's gender/sex is female.

72. Defendant St. Francis and Defendant Express subjected Plaintiff to unwelcome comments, sexual gestures, and disparate treatment based on her sex.

73. The unwelcome comments and gestures were offensive, hostile, and aggressive to Plaintiff, thereby adversely altering the terms, conditions, and privileges of Plaintiff's employment.

74. The unwelcome comments and gestures were offensive, hostile, and aggressive to Plaintiff, and had the purpose and/or effect of substantially interfering with Plaintiff's employment environment and work performance.

75. The unwelcome comments were offensive, hostile, and aggressive to Plaintiff, and thereby created an intimidating, hostile, or abusive working environment for Plaintiff.

76. Submission to the unwelcome comments and gestures was implicitly a term or condition of Plaintiff's employment.

77. The comments and advances amounted to a quid pro quo.

78. The unwelcome comments were made to Plaintiff because of her sex/gender.

79. Plaintiff's sex was the motivating factor in Defendants' decision to subject Plaintiff to the unwelcome comments alleged herein.

80. The unwelcome comments caused Plaintiff damages, including but not limited to emotional distress, frustration, humiliation, and deprived Plaintiff of her civil rights under Missouri law.

81. Plaintiff opposed the unwelcome comments and physical touching by directly objecting to them, but they continued and escalated.

82. Defendants refused to intervene and stop employees from making the unwelcome comments and gestures.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

83. Defendants failed to properly train its employees to prevent and correct sexual harassment in the workplace.

84. Defendants failed to exercise reasonable care to prevent and correct the sexual comments and gestures.

85. Defendants exacerbated, condoned, encouraged, and ratified the unwelcome comments gestures.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of her Petition, for a Judgment finding Defendant discriminated against Plaintiff in violation of Title VII and awarding Plaintiff nominal or actual damages, compensatory damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court may grant to remedy Defendant's violations of Title VII.

## COUNT II
### Retaliation
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.
### (Against All Defendants)

86. Plaintiff incorporates by reference every other paragraph in this Petition.

87. Plaintiff engaged in protected activity by opposing what she reasonably in good faith believed to be discrimination and/or retaliation by:

    a. Objecting to sexual comments.

    b. Objecting to disparate treatment.

    c. Complaining to management and human resources about disparate treatment and sexual comments.

    d. Reporting sexual comments and disparate treatment to human resources; and

    e. Requesting that management and Human Resources take action to prevent the sexual comments and disparate treatment.

8

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

f.  Complaining to management and Human resources that she was being retaliated against, harassed, intimidated, and

88.  Defendants retaliated against Plaintiff by:

a.  Ignoring Plaintiff's objections to sexual comments and advances.

b.  Failing to prevent harassment.

c.  Failing to correct on going harassment.

d.  Failing to intervene and prevent harassment from others.

e.  Allowing employees of Defendant St. Francis to harass, bully, and intimidate Plaintiff after she made complaints of sexual harassment.

f.  Subjecting Plaintiff to sexual harassment as a condition of her continued employment.

g.  Blaming Plaintiff for the sexual harassment she experienced.

h.  Terminating Plaintiff's employment.

i.  Failing to investigate Plaintiff's complaints of Sexual Harassment and Retaliation.

j.  Failing to place Plaintiff with a new employer after her termination from St. Francis.

89.  The retaliation was done because of Plaintiff's protected activities.

90.  Plaintiff's protected activities were the motivating factors in the retaliation.

91.  The retaliation caused Plaintiff damage, including lost wages, emotional distress, frustration, humiliation, and deprived Plaintiff of her civil rights under Missouri law.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count II of her Petition, for a Judgment finding Defendant St. Francis retaliated against Plaintiff in violation of Title VII and awarding Plaintiff nominal or actual damages, compensatory damages in an amount

9

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court may grant to remedy Defendant St. Francis' violations of Title VII.

JURY TRIAL DEMANDED.

**The Tourigny Law Firm, LLC**

/s/ *Greg N. Tourigny*
Greg N. Tourigny    MO # 71210
4600 Madison Ave. Suite 810.
Kansas City MO
(816) 945-2861
greg@tourignylaw.com
**ATTORNEY FOR PLAINTIFF**

10

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM



**Missouri Commission on Human Rights**
P.O. Box 1129
Jefferson City, MO 65102-1129



MCHR

| COMPLAINT OF DISCRIMINATION | Original | ☒ Amended | CHARGE NUMBER P-03/25-05705 |
|---|---|---|---|

| NAME | TELEPHONE |
|---|---|
| Ms. Angeliek Kellam | |

| STREET ADDRESS | CITY | STATE | ZIP CODE | COUNTY |
|---|---|---|---|---|
| ▓▓▓ | ▓▓▓ | MO | 63901 | Butler |

### INDICATE BELOW WHO YOU WISH TO FILE YOUR COMPLAINT AGAINST

| NAME | TELEPHONE (INCLUDE AREA CODE) |
|---|---|
| St. Francis Clinic | (573) 727-5500 |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 225 Physicians Park Drive MO 63901 | Poplar Bluff, | MO | 63901 |

*FILED MAR 04 2025 "MCHR"*

| NAME | TELEPHONE (INCLUDE AREA CODE) |
|---|---|
| ▓▓▓ | |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 225 Physicians Park Drive | Poplar Bluff, | MO | 63901 |

**CHECK APPROPRIATE BOX(ES)**

☐ Race  ☐ Color  ☒ Sex  ☐ Religion  ☐ National Origin
☐ Disability  ☐ Age  ☒ Retaliation  ☐ Ancestry  ☐ Other (Specify)

**DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (MONTH, DAY, YEAR)**
- **Continuing action.**

**PARTICULARS:** I am a black female. I began my employment with St. Francis Clinic in October 2024 as a Housekeeper. St. Francis is a place of public accommodation. On or about 11/26/24, I was in an exam room on my hand and knees scrubbing the floor when ▓▓▓ came in the room behind me and grabbed my shoulders forcibly tight. ▓▓▓ a person under the MHRA. I felt scared and violated. I jumped up and yelled "don't touch me". I told him that it was inappropriate and not to do it again. At that time ▓▓▓ replied that he had another sexual harassment case against a nurse, that was dropped because the owner hired him. I told him to go back to his floor and do his job. A few hours later on the same shift, when he showed up again while I was cleaning one of the restrooms. He had a jacket, gloves, and a hat on like he had been outside. Before I could ask him to leave, he threw two one-hundred-dollar bills in my face saying, "how much would it cost?" I was so insulted and disrespected. I held back my tears and told him that "I was going to file a complaint." I tried to leave but he blocked the door saying, "I just went to the ATM, and I can go get more." I pushed past him with all of my strength and went to hide in the bathroom. On 11/28/2024 I called my supervisor ▓▓▓. The phone rang one time and said my call was forwarded to the voicemail box. I left a message saying "I Apologize for the bother ▓▓▓ This is ▓▓▓ and I need to speak with you at your early convenience please.". My supervisor never returned my call. On I dialed (573) 429-0396 which is the same number I left a voicemail on. He answered and I asked, "is this Mr. ▓▓▓" he replied, "yes." I told him that I needed to file a sexual harassment complaint. I couldn't even finish the word complaint when he started laughing like I said something funny, or I was a joke. ▓▓▓ my coworker was standing next to me, she put her head down and started saying, "No ▓▓▓" It was abundantly clear that his behavior was well known throughout the hospital. My supervisor completely dismissed my complaint, and told him that I was going to contact HR. At that point, ▓▓▓ shouted at my over the phone and told me to leave the building and hand in my keys. 12/04/2024 8:32 a.m. I called (573) 686-8300 the number for Express Employment in Poplar Bluff, to inform them of what had happened last night but was told that ▓▓▓ was out of the office at this time. So, I decided to contact St. Francis HR Department. At 8:54 a.m. I called (573) 727-5500 the number for St. Francis Clinic in Poplar Bluff and was informed that there was no HR Department at this location. Their HR Department was in Cape Girardeau. So, at 8:56 a.m. I called (573) 331-3000 the number for St. Francis in Cape Girardeau where I was transferred to the HR and then a voicemail. I left brief message about my complaint against ▓▓▓ for sexual harassment. With in 20 minutes, I receive a call from (618) 923-0427 at 9:15 a.m. saying, she was Director ▓▓▓ and was returning my call and could I tell her my name, location of incident, all party's that were involve. I gave her all the details she asked for and halfway thru my statement we got disconnected. We had been on the phone for 3.5 mins 32 sec when she called back at 9:51 a.m. for 33 min 40 sec and I was able to finish my statement. She apologized numerous times and assuring me they had a zero tolerance for sexual harassment. They would be doing an investigation and would give me a call with their findings. After speaking with St. Francis, I called Express Employment and asked to speak with ▓▓▓ She was unavailable so I left two separate messages with the receptionist stating that I had an urgent situation. I did not have a return call for over a week from either employer, I decided to call again on 12/09/2024 at 12:29 p.m. To my surprise ▓▓▓ answered the phone. "Well ▓▓▓ This Angeliek and I have left two urgent messages for you to call me about a week ago. I haven't heard from you. Her exact words were, "I've been busy but I'm sorry I don't have an excuse. I did speak with ▓▓▓ and he said "you left the job, and he doesn't know why. He said the doctors and nurses had great things to say about you." I started giving her my statement and I could hear gasp in shock. She replied, omg, I knew nothing about this. I wonder why ▓▓▓ didn't say anything. I'm so sorry this happened to you Angeliek. Can you repeat the last sentence because I'm typing as we talk so I can submit this to corporate. I repeated and made sure she had all the details as I have given them above. She replied, "will I have all the information I need to send this to corporate. We will be doing an investigation as well and will call you with results. I'm sorry again Angeliek that this happened to you." As of the date of this filing I have not heard back from either company and I have not been returned to work in any capacity. My family members and I are patients of St. Francis Clinic, however I am afraid to return to the locations as a patient because my harasser is still employed there, and St. Francis has done nothing to prevent further harassment from this individual. When my child had an appointment recently, I had to send my mother with my child because I am afraid to enter the building due to my harasser still being on premises. I have been discriminated against based upon my sex and retaliated against for complaining about sexual harassment in violation of the Missouri Human Rights Act and Title VII.

| I declare or affirm under penalty of perjury that I have read the foregoing and it is true and correct. DATE 3/04/25 | I swear that I have read the foregoing and that it is true and to the best of my knowledge, information and belief. |
|---|---|
| COMPLAINANT (Signature) *[signature]* | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE SEAL AND SIGNATURE OF NOTARY PUBLIC |

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/06/2026

**To:** Angelick Kellam

Charge No: 28E-2025-00392

EEOC Representative and email:    LASANDRA HUGHES-BROWN
EQUAL OPPORTUNITY INVESTIGATOR
LASANDRA.HUGHES-BROWN@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 28E-2025-00392.

On behalf of the Commission,

Digitally Signed By:David Davis
02/06/2026

David Davis
District Director

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

**Cc:**
Bryan D Lemoine
Beckemeier LeMoine Law
13421 Manchester Rd. Ste. 105
Des Peres, MO 63131

Greg Tourigny
The Tourigny Law Firm LLC.
4600 Madison Ave Suite 810
Kansas City, MO 64112


Please retain this Notice for your records.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 28E-2025-00392 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 28E-2025-00392 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

| CHARGE OF DISCRIMINATION | AGENCY | | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA <br> ☒ EEOC | | E-02/25-56780 <br> 28E-2025-00395 |

## MISSOURI COMMISSION ON HUMAN RIGHTS

| NAME *(Indicate Mr.. Ms.. Mrs.)* | HOME TELEPHONE *(Include Area Code)* | |
|---|---|---|
| **Ms. Angelick Kellam** | ███████ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ████████████ | **Poplar Bluff, MO 63901** | ████████ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| **Express Employment** | **500+** | **(573) 686-8800** |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| **682 MO-142** | **Poplar Bluff, MO 63901** | **Butler** |

*(FILED FEB 14 2025 "MCHR")*

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ Other

DATE DISCRIMINATION TOOK PLACE
EARLIEST *(ADEA/EPA)*: **Nov. 2024**  LATEST *(ALL)*: **Feb. 2025**

☒ CONTINUING ACTION

PARTICULARS: I am a black female. I began my employment with Express Employment in October 2024, as a Housekeeper with St. Francis Clinic. Express is a place of public accommodation. On or about 11/26/24, I was in an exam room on my hand and knees scrubbing the floor when E███ H███ came in the room behind me and grabbed my shoulders forcibly tight. I felt scared and violated. I jumped up and yelled 'don't touch me'. I told him that it was inappropriate and not to do it again. At that time, E███ replied that he had another sexual harassment case against a nurse, that was dropped because the owner hired him." I told him to go back to his floor and do his job. A few hour later on the same shift, when he showed up again while I was cleaning one of the restrooms. He had a jacket, gloves, and a hat on like he had been outside. Before I could ask him to leave, he threw two one-hundred-dollar bills in my face saying, "how much would it cost?" I was so insulted and disrespected. I held back my tears and told him that "I was going to file a complaint." I tried to leave but he blocked the door saying, "I just went to the ATM, and I can go get more." I pushed past him with all of my strength and went to hide in the breakroom. On 11/28/2024 I called my supervisor G███ S███ The phone rang one time and said my call was forwarded to the voicemail box. I left a message saying " I Apologize for the bother Mr. G███ This is Angel and I need to speak with you at your early convenience please.". My Supervisor never retuned my call. On I dialed (573) 429-0396 which is the same number I left a voicemail on. He answered and I asked, "is this Mr. G███ S███" he replied, "yes." I told him that I needed to file a sexual harassment complaint. I couldn't even finish the word complaint when he started laughing like I said something funny, or I was a joke. M███, my coworker was standing next to me, she put her head down and started saying, "No E███ " It was abundantly clear that his behavior was well known throughout the hospital. My supervisor completely dismissed my complaint, and told him that I was going to contact HR. At that point, G███ shouted at my over the phone and told me to leave the building and hand in my keys.

12/04/2024 8:52 a.m. I called (573) 686-8800 the number for Express Employment in Poplar Bluff; to inform them of what had happened last night but was told that Kim was out of the office at this time. So, I decided to contact St. Francis HR Department. At 8:54 a.m. I called (573) 727-5500 the number for St. Francis Clinic in Poplar Bluff and was informed that there was no HR Department at this location. Their HR Department was in Cape Girardeau. So, at 8:56 a.m. I called (573) 331-3000 the number for St. Francis in Cape Girardeau where I was transferred to the HR and then a voicemail. I left brief message about my complaint against E███ for sexual harassment. With in 20 minutes, I receive a call from (618) 923-0427 at 9:15 a.m. saying, she was Director A███ and was returning my call and could I tell her my name, location of incident, all party's that were involve. I gave her all the details she asked for and halfway thru my statement we got disconnected. We had been on the phone for 35 mins 32 sec when she called back at 9:51 a.m. for 33 mins 40 sec and I was able to finish my statement. She apologized numerous times and assuring me they had a zero tolerance for sexual harassment. They would be doing an investigation and would give me a call with their findings. After speaking with St. Francis, I called Express Employment and asked to speak with K███. She was unavailable so I left two separate messages with the receptionist stating that I had an urgent situation. I did not have a return call for over a week from either employer. I decided to call again on12/092024 at 12:29 p.m. To my surprise K███ answered the phone. "Well hello K███ This Angelick and I have left two urgent messages for you to call me about a week ago. I haven't heard from you. Her exact words were, "I've been busy but I'm sorry I don't have an excuse. I did speak with G███ and he said "you left the job, and he doesn't know why. He said the doctors and nurses had great things to say about you.". I started giving her my statement and I could hear gasp in shock.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

"I've been busy but I'm sorry I don't have an excuse. I did speak with G█████and he said "you left the job, and he doesn't know wh He said the doctors and nurses had great things to say about you.". I started giving her my statement and I could hear gasp in shoc She replied, omg, I knew nothing about this. I wonder why G████idn't say anything. I'm so sorry this happened to you Angelic Can you repeat the last sentence because I'm typing as we talk so I can submit this to corporate. I repeated and made sure she had a the details as I have given them above. She replied, "well I have all the information I need to send this to corporate. We will I doing an investigation as well and will call you with results. I'm sorry again Angelick that this happened to you." As of the date this filing I have not heard back from either company and I have not been returned to work in any capacity.  I have be discriminated against based upon my sex and retaliated against for complaining about sexual harassment in violation of the Missou Human Rights Act and Title VII.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date 02,14,2025   Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

FILED

FEB 14 2025

"MCHR"

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website:  www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/22/2026

**To:** Angelick Kellam

Charge No: 28E-2025-00395

EEOC Representative and email:    Sergio Aguilar
Equal Opportunity Investigator - Bilingual
sergio.aguilar@eeoc.gov

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 28E-2025-00395.

On behalf of the Commission,

Digitally Signed By:David Davis
06/22/2026

David Davis
District Director

**Cc:**

Rachel Burke
Ogletree Deakins
127 Public Square, Suite 4100
Cleveland, OH 44114

Katie Bayt
Ogletree Deakins
300 N. Meridian St, Suite 2700
Indianapolis, IN 46204

Amy Bennett
Ogletree Deakins
300 N. Meridian ST, Suite 2700
Indianapolis, IN 46204

Greg Tourigny
The Tourigny Law Firm LLC.
4600 Madison Ave Suite 810
Kansas City, MO 64112

Please retain this Notice for your records.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

Enclosure with EEOC Notice of Closure and Rights (05/25)

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 28E-2025-00395 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 28E-2025-00395 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Electronically Filed - BUTLER - June 29, 2026 - 01:55 PM



# Summons in Civil Case

## IN THE 36TH JUDICIAL CIRCUIT, BUTLER COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KACEY LEE PROCTOR | Case Number: 26BT-CV01073 |
| Plaintiff/Petitioner:<br>ANGELICK Q KELLAM<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GREG NORMAN TOURIGNY<br>4600 MADISON AVENUE<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br> SAINT FRANCIS CLINIC POPLAR BLUFF | Court Address:<br>100 NORTH MAIN ST<br>POPLAR BLUFF, MO 63901 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp for Return) |

The State of Missouri to:  **SAINT FRANCIS CLINIC POPLAR BLUFF**
**Alias:**
**JUSTIN DAVISON**
**REGISTERED AGENT**
**211 SAINT FRANCIS DR**
**CAPE GIRARDEAU, MO 63703-5049**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**BUTLER COUNTY**

29-MAY-2026   _Emily L. Johnson_
Date                                    Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-151**
1 of 2 (26BT-CV01073)                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - BUTLER - June 09, 2026 - 12:48 PM

Electronically Filed - BUTLER - June 09, 2026 - 12:48 PM

Case Number: **26BT-CV01073**

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:

_____Gordan Glaus_____ (name) _____SFMC Attorney_____ (title).

☐ other: _____.

Served at _____211 St Francis Dr  Cape Girardeau Mo 63703_____ (address)
in _____Cape Girardeau_____ (County/~~City of St. Louis~~), MO, on _____6-4-2026_____ (date)
at ____12:20 pm____ (time).

_____Scott Brown / SB Serve, LLC_____          _____*S-X*_____
Printed Name of Officer or Server                         Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _June 4, 2026_ (date).

*(Seal)*     My commission expires: _____          _____
                                                  Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

KAELA MENZ
Comm. Exp. 07/22/2027
NOTARY PUBLIC
NOTARY SEAL
#15633120
Cape Girardeau County
STATE OF MISSOURI

Electronically Filed - BUTLER - May 28, 2026 - 04:04 PM

**FILED**

05/29/2026

HOLLY LAWSON
CLERK, CIRCUIT COURT
BUTLER COUNTY

## IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

ANGELICK KELLAM,                              )
                                              )
      Plaintiff,                           )
                                              )
v.                                            )        **Case No.:  26BT-CV01073**
                                              )
SAINT FRANCIS MEDICAL CENTER,                 )
                                              )
      D/B/A                                )
                                              )
SAINT FRANCIS CLINIC POPLAR BLUFF             )
                                              )
      Defendant.                           )

### MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/ Appoint of Private Process Server, and requests that: **SB Serve LLC** who is qualified to serve process, is not party to the case and is not less than eighteen (18) years of age, as private process servers in the above cause to serve: Petition, in this case, to:

> **Saint Francis Cinic Poplar Bluff**
> **Registered Agent: Justin Davison**
> **211 Saint Francis Dr.**
> **Cape Girardeau, MO 63703-5049**

Respectfully submitted,

**The Tourigny Law Firm, LLC**

*/s/ Greg N. Tourigny*
**Greg N. Tourigny    MO # 71210**
**4600 Madison Ave. Suite 810.**
**Kansas City MO**
**(816) 945-2861**
greg@tourignylaw.com

**ATTORNEY FOR PLAINTIFF**

### ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: ___05/29/2026___

COURT SEAL OF        Judge or Clerk



BUTLER COUNTY



# Summons in Civil Case

IN THE 36TH JUDICIAL CIRCUIT, BUTLER COUNTY, MISSOURI

| Judge or Division:<br>KACEY LEE PROCTOR | Case Number:  26BT-CV01073 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ANGELICK Q KELLAM | Plaintiff's/Petitioner's Attorney/Address<br>GREG NORMAN TOURIGNY<br>4600 MADISON AVENUE<br>SUITE 810<br>KANSAS CITY, MO  64112 | |
| vs. | | |
| Defendant/Respondent:<br> SAINT FRANCIS CLINIC POPLAR BLUFF | Court Address:<br>100 NORTH MAIN ST<br>POPLAR BLUFF, MO  63901 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

The State of Missouri to:   **SAINT FRANCIS CLINIC POPLAR BLUFF**
**Alias:**
**JUSTIN DAVISON**
**REGISTERED AGENT**
**211 SAINT FRANCIS DR**
**CAPE GIRARDEAU, MO  63703-5049**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**BUTLER COUNTY**

29-MAY-2026
Date

Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-151**
1 of 2 (26BT-CV01073)                  Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                               Date                              Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-151**

2 of 2 (26BT-CV01073)          Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - BUTLER - May 28, 2026 - 04:04 PM

**IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI**

| | |
|---|---|
| ANGELICK KELLAM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    Case No.:  26BT-CV01073 |
| | ) |
| SAINT FRANCIS MEDICAL CENTER, | ) |
| | ) |
| D/B/A | ) |
| | ) |
| SAINT FRANCIS CLINIC POPLAR BLUFF | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that: **SB Serve LLC** who is qualified to serve process, is not party to the case and is not less than eighteen (18) years of age, as private process servers in the above cause to serve: Petition, in this case, to:

**Saint Francis Cinic Poplar Bluff**
**Registered Agent: Justin Davison**
**211 Saint Francis Dr.**
**Cape Girardeau, MO 63703-5049**

Respectfully submitted,

**The Tourigny Law Firm, LLC**

**/s/ Greg N. Tourigny**
**Greg N. Tourigny    MO # 71210**
**4600 Madison Ave. Suite 810.**
**Kansas City MO**
**(816) 945-2861**
greg@tourignylaw.com

**ATTORNEY FOR PLAINTIFF**

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____    _____
                                                    Judge or Clerk

26BT-CV01073

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

**IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI**

| | |
|---|---|
| ANGELICK KELLAM | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| SAINT FRANCIS MEDICAL CENTER, | ) |
| | ) |
| D/B/A | ) |
| | ) |
| SAINT FRANCIS CLINIC POPLAR BLUFF | ) |
| *Serve Registered Agent:* | ) |
| JUSTIN DAVISON | )    Case No. |
| 211 SAINT FRANCIS DR. | ) |
| CAPE GIRARDEAU, MO 63703-5049 | ) |
| | ) |
| *Defendant,* | ) |

**PETITION**

COMES NOW Plaintiff Angelick Kellam, through counsel, and pursuant to Rule 53.01, Rule 55, and R.S.Mo. § 213.111, alleging the following in support of her claims for relief:

**INTRODUCTION**

1.     This is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.

2.     Defendant Saint Francis Medical Center d/b/a Saint Francis Clinic Poplar Bluff (or "Saint Francis") violated Title VII by subjecting Plaintiff to sex discrimination and retaliation.

3.     Plaintiff seeks all relief available under the Title VII, including nominal, actual compensatory damages, costs, fees, an enhancement of fees, interest, and equitable relief.

**PARTIES**

4.     Plaintiff Angelick Kellam is a resident and citizen of Butler County, Missouri.

5.     Plaintiff is a black female.

6.     Defendant St. Francis is a Missouri Corporation with its principal place of business located at 211 Saint Francis Drive, Cape Girardeau, MO 63703.

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

7.      Throughout Plaintiff's employment with Defendant, St. Francis was a Missouri Corporation.

8.      Throughout Plaintiff's employment with Defendant, Defendant St. Francis employed more than 50 persons in Missouri.

9.      Throughout Plaintiff's employment with Defendant, Defendant St. Francis was an "employer" as defined by R.S.Mo. 213.010(8).

10.     Defendant St. Francis conducts ongoing and substantial business in Missouri.

11.     Defendant St. Francis employed Plaintiff to perform job duties in Missouri.

12.     Defendant St. Francis is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

13.     This Court has general original jurisdiction over this case pursuant to article V, section 14 of the Missouri Constitution because this is a civil case.

14.     Plaintiff is a resident of Butler County, Missouri.

15.     Defendant St. Francis conducts business in Butler County, MO at its St. Francis Clinic Poplar Bluff located at 225 Physicians Park Drive, Poplar Bluff, MO 63901.

16.     Pursuant to R.S.Mo. § 213.111.1, venue is proper in this Court because the unlawful discriminatory acts alleged occurred in Butler County, Missouri.

## ADMINISTRATIVE PROCEDURES

17.     On March 4, 2025, Plaintiff dual filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission against

2

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

Defendant. The Charge was assigned MCHR# P-03/25-05705 and EEOC# 28E-2025-00392. A copy of this Charge is attached hereto as Exhibit A and is incorporated herein by reference.

18. On February 6, 2026, the U.S. Equal Employment Opportunity Commission issued Plaintiff a Determination and Notice of Rights, allowing Plaintiff to file a lawsuit regarding the allegations made in EEOC Charge# 28E-2025-00392. A copy of the notice is attached hereto as Exhibit B and incorporated herein by reference.

19. The Petition was filed within 90 days of February 6, 2026 .

## FACTUAL ALLEGATIONS

20. Plaintiff worked for Defendant St. Francis from Approximately October, 2024, to approximately December 3, 2025.

21. Defendant St. Francis hired Plaintiff as a Housekeeper.

22. Plaintiff performed work as a Housekeeper for Defendant St. Francis.

23. Plaintiff's daily tasks and job duties were given to her by St. Francis employees.

24. Plaintiff directly reported to Defendant St. Francis employees.

25. Plaintiff was sexually harassed by St. Francis Employees.

26. On or about 11/26/24, Plaintiff was in an exam room on her hand and knees scrubbing the floor when a male employee for Defendant came in the room behind her and grabbed her shoulders forcibly tight.

27. Plaintiff felt scared and violated.

28. Plaintiff jumped up and yelled 'don't touch me'.

29. Plaintiff told the male employee that it was inappropriate and not to do it again.

30. At that time, the male employee replied that he had another sexual harassment case against a nurse, that was dropped because the owner hired him.

31. Plaintiff told him to go back to his floor and do his job.

3

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

32. A few hours later on the same shift, when he showed up again while Plaintiff was cleaning one of the restrooms.

33. The male employee had a jacket, gloves, and a hat on like he had been outside.

34. Before Plaintiff could ask him to leave, he threw two one-hundred-dollar bills in her face saying, "how much would it cost?"

35. Plaintiff held back tears and told him that "I am going to file a complaint."

36. Plaintiff tried to leave but he blocked the door saying, "I just went to the ATM, and I can go get more."

37. Plaintiff pushed past him and went to hide in the breakroom.

38. On 11/28/2024 Plaintiff called her supervisor.

39. The phone rang one time and was forwarded to the voicemail box.

40. Plaintiff's supervisor never returned her call.

41. Plaintiff called her supervisor again and got through.

42. Plaintiff told her supervisor that she needed to file a sexual harassment complaint.

43. Plaintiff's supervisor completely dismissed her complaint, and Plaintiff told him that she was going to contact HR.

44. At that point, Plaintiff's Supervisor shouted at Plaintiff over the phone and told her to leave the building and hand in her keys.

45. On or about December 4, 2024 Plaintiff contacted St. Francis HR Department.

46. Plaintiff called the St. Francis Clinic in Poplar Bluff and was informed that there was no HR Department at this location and that their HR Department was in Cape Girardeau.

47. Plaintiff then called St. Francis in Cape Girardeau where she was transferred to the HR and then a voicemail.

48. Plaintiff left brief message about her complaint against Elbert for sexual

4

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

harassment.

49.    Within 20 minutes, Plaintiff received a call from the Director of HR.

50.    Plaintiff explained the above situation to the Director.

51.    She apologized numerous times and assuring Plaintiff they had a zero tolerance for sexual harassment.

52.    This was the last that Plaintiff heard from St. Francis regarding her employment.

## COUNT I
### Discrimination Based on Sex
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.

53.    Plaintiff incorporates by reference every other paragraph in this Petition.

54.    Plaintiff's gender/sex is female.

55.    Defendant St. Francis subjected Plaintiff to unwelcome comments, sexual gestures, and disparate treatment based on her sex.

56.    The unwelcome comments and gestures were offensive, hostile, and aggressive to Plaintiff, thereby adversely altering the terms, conditions, and privileges of Plaintiff's employment.

57.    The unwelcome comments and gestures were offensive, hostile, and aggressive to Plaintiff, and had the purpose and/or effect of substantially interfering with Plaintiff's employment environment and work performance.

58.    The unwelcome comments were offensive, hostile, and aggressive to Plaintiff, and thereby created an intimidating, hostile, or abusive working environment for Plaintiff.

59.    Submission to the unwelcome comments and gestures was implicitly a term or condition of Plaintiff's employment.

60.    The comments and advances amounted to a quid pro quo.

61.    The unwelcome comments were made to Plaintiff because of her sex/gender.

5

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

62.    Plaintiff's sex was the motivating factor in Defendant St. Francis' decision to subject Plaintiff to the unwelcome comments alleged herein.

63.    The unwelcome comments caused Plaintiff damages, including but not limited to emotional distress, frustration, humiliation, and deprived Plaintiff of her civil rights under Missouri law.

64.    Plaintiff opposed the unwelcome comments and physical touching by directly objecting to them, but they continued and escalated.

65.    Defendant St. Francis refused to intervene and stop employees from making the unwelcome comments and gestures.

66.    Defendant St. Francis failed to properly train its employees to prevent and correct sexual harassment in the workplace.

67.    Defendant St. Francis failed to exercise reasonable care to prevent and correct the sexual comments and gestures.

68.    Defendant St. Francis exacerbated, condoned, encouraged, and ratified the unwelcome comments gestures.

WHEREFORE, Plaintiff prays for judgment against Defendant St. Francis on Count I of her Petition, for a Judgment finding Defendant discriminated against Plaintiff in violation of Title VII and awarding Plaintiff nominal or actual damages, compensatory damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court may grant to remedy Defendant's violations of Title VII.

## COUNT II
### Retaliation
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.

69.    Plaintiff incorporates by reference every other paragraph in this Petition.

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

70.     Plaintiff engaged in protected activity by opposing what she reasonably in good faith believed to be discrimination and/or retaliation by:

a.  Objecting to sexual comments.

b.  Objecting to disparate treatment.

c.  Complaining to management and human resources about disparate treatment and sexual comments.

d.  Reporting sexual comments and disparate treatment to human resources; and

e.  Requesting that management and Human Resources take action to prevent the sexual comments and disparate treatment.

f.  Complaining to management and Human resources that she was being retaliated against, harassed, intimidated, and

71.     Defendant St. Francis retaliated against Plaintiff by:

a.  Ignoring Plaintiff's objections to sexual comments and advances.

b.  Failing to prevent harassment.

c.  Failing to correct on going harassment.

d.  Failing to intervene and prevent harassment from others.

e.  Allowing employees of Defendant St. Francis to harass, bully, and intimidate Plaintiff after she made complaints of sexual harassment.

f.  Subjecting Plaintiff to sexual harassment as a condition of her continued employment.

g.  Blaming Plaintiff for the sexual harassment she experienced.

h.  Terminating Plaintiff's employment.

i.  Failing to investigate Plaintiff's complaints of Sexual Harassment and Retaliation.

7

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

72.    The retaliation was done because of Plaintiff's protected activities.

73.    Plaintiff's protected activities were the motivating factors in the retaliation.

74.    The retaliation caused Plaintiff damage, including lost wages, emotional distress, frustration, humiliation, and deprived Plaintiff of her civil rights under Missouri law.

WHEREFORE, Plaintiff prays for judgment against Defendant St. Francis on Count II of her Petition, for a Judgment finding Defendant St. Francis retaliated against Plaintiff in violation of Title VII and awarding Plaintiff nominal or actual damages, compensatory damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court may grant to remedy Defendant St. Francis' violations of Title VII.

JURY TRIAL DEMANDED.

**The Tourigny Law Firm, LLC**

/s/ *Greg N. Tourigny*
Greg N. Tourigny    MO # 71210
4600 Madison Ave. Suite 810.
Kansas City MO
(816) 945-2861
greg@tourignylaw.com
**ATTORNEY FOR PLAINTIFF**

8

Electronically Filed - Butler - May 04, 2026 - 03:27 PM



Missouri Commission on Human Rights
P.O. Box 1129
Jefferson City, MO 65102-1129


MCHR

| COMPLAINT OF DISCRIMINATION | Original | ☐ | Amended ☒ | CHARGE NUMBER P-03/25-05705 |
|---|---|---|---|---|

| NAME | | | | TELEPHONE |
|---|---|---|---|---|
| Ms. Angeliek Kellam | | | | |

| STREET ADDRESS | CITY | STATE MO | ZIP CODE 63901 | COUNTY Butler |
|---|---|---|---|---|

**INDICATE BELOW WHO YOU WISH TO FILE YOUR COMPLAINT AGAINST**

| NAME St. Francis Clinic | | TELEPHONE (INCLUDE AREA CODE) (573) 727-5500 |
|---|---|---|

| STREET ADDRESS 225 Physicians Park Drive MO 63901 | CITY Poplar Bluff, | STATE MO | ZIP CODE 63901 |
|---|---|---|---|

FILED
MAR 04 2025
"MCHR"

| NAME | | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|

| STREET ADDRESS 225 Physicians Park Drive | CITY Poplar Bluff, | STATE MO | ZIP CODE 63901 |
|---|---|---|---|

**CHECK APPROPRIATE BOX(ES)**

☐ Race  ☐ Color  ☒ Sex  ☐ Religion  ☐ National Origin

☐ Disability  ☐ Age  ☒ Retaliation  ☐ Ancestry  ☐ Other (Specify)

**DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (MONTH, DAY, YEAR)**
- **Continuing action.**

**PARTICULARS:** I am a black female. I began my employment with St. Francis Clinic in October 2024 as a Housekeeper. St. Francis is a place of public accommodation. On or about 11/26/24, I was in an exam room on my hand and knees scrubbing the floor when _____ came in the room behind me and grabbed my shoulders forcibly tight. _____ a person under the MHRA. I felt scared and violated. I jumped up and yelled "don't touch me". I told him that it was inappropriate and not to do it again. At that time _____ replied that he had another sexual harassment case against a nurse, that was dropped because the owner hired him." I told him to go back to his floor and do his job. A few hours later on the same shift, when he showed up again while I was cleaning one of the restrooms. He had a jacket, gloves, and a hat on like he had been outside. Before I could ask him to leave, he threw two one-hundred-dollar bills in my face saying, "how much would it cost?" I was so insulted and disrespected. I held back my tears and told him that "I was going to file a complaint." I tried to leave but he blocked the door saying, "I just went to the ATM, and I can go get more." I pushed past him with all of my strength and went to hide in the breakroom. On 11/28/2024 I called my supervisor _____. The phone rang one time and said my call was forwarded to the voicemail box. I left a message saying" I Apologize for the bother Mr. _____ This is _____ I need to speak with you at your early convenience please.". My supervisor never returned my call. On I dialed (573) 429-0396 which is the same number I left a voicemail on. He answered and I asked, "is this Mr. _____" he replied, "yes." I told him that I needed to file a sexual harassment complaint. I couldn't even finish the word complaint when he started laughing like I said something funny, or I was a joke. _____ my coworker was standing next to me, she put her head down and started saying, "No _____." It was abundantly clear that his behavior was well known throughout the hospital. My supervisor completely dismissed my complaint, and told him that I was going to contact HR. At that point, _____ shouted at my over the phone and told me to leave the building and hand in my keys. 12/04/2024 8:52 a.m. I called (573) 686-8100 the number for Express Employment in Poplar Bluff, to inform them of what had happened last night but was told that _____ was out of the office at this time. So, I decided to contact St. Francis HR Department. At 8:54 a.m. I called (573) 727-5500 the number for St. Francis Clinic in Poplar Bluff and was informed that there was no HR Department at this location. Their HR Department was in Cape Girardeau. So, at 8:56 a.m. I called (573) 331-3000 the number for St. Francis in Cape Girardeau where I was transferred to the HR and their voicemail. I left brief message about my complaint against _____ for sexual harassment. With in 20 minutes, I receive a call from (618) 923-0427 at 9:15 a.m. saying, the was Director _____ and was returning my call and could I tell her my name, location of incident, all party's that were involve. I gave herself the details she asked for and halfway thru my statement we got disconnected. We had been on the phone for 35 mins 32 sec when she called back at 9:51 a.m. for 33 mins 40 sec and I was able to finish my statement. She apologized numerous times and assuring me they had a zero tolerance for sexual harassment. They would be doing an investigation and would give me a call with their findings. After speaking with St. Francis, I called Express Employment and asked to speak with _____. She was unavailable so I left two separate messages with the receptionist stating that I had an urgent situation. I did not have a return call for over a week from either employer. I decided to call again on 12/092024 at 12:29 p.m. To my surprise _____ answered the phone. "Well _____ This is Angeliek and I have left two urgent messages for you to call me about a week ago. I haven't heard from you. Her exact words were, "I've been busy but I'm sorry I don't have an excuse. I did speak with _____ and he said "you left the job, and he doesn't know why. He said the doctors and nurses had great things to say about you." I started giving her my statement and I could hear gasp in shock. She replied, omg, I knew nothing about this. I wonder why _____ didn't say anything. I'm so sorry this happened to you Angeliek. Can you repeat the last sentence because I'm typing as we talk so I can submit this to corporate. I repeated and made sure she had all the details as I have given them above. She replied, "will I have all the information I need to send this to corporate. We will be doing an investigation as well and will call you with results. I'm sorry again Angeliek that this happened to you." As of the date of this filing I have not heard back from either company and I have not been returned to work in any capacity. My family members and I are patients of St. Francis Clinic, however I am afraid to return to the location as a patient because my harasser is still employed there, and St. Francis has done nothing to prevent further harassment from this individual. When my child had an appointment recently, I had to send my mother with my child because I am afraid to enter the building due to my harasser still being on premises. I have been discriminated against based upon my sex and retaliated against for complaining about sexual harassment in violation of the Missouri Human Rights Act and Title VII.

| I declare or affirm under penalty of perjury that I have read the foregoing and it is true and correct. DATE  3/04/25 | I swear that I have read the foregoing and that it is true and to the best of my knowledge, information and belief. |
|---|---|
| COMPLAINANT (signature) | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE SEAL AND SIGNATURE OF NOTARY PUBLIC |

**26BT-CV01073**

Electronically Filed - Butler - May 04, 2026 - 03:27 PM



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/06/2026

**To:** Angelick Kellam

Charge No: 28E-2025-00392

EEOC Representative and email:    LASANDRA HUGHES-BROWN
EQUAL OPPORTUNITY INVESTIGATOR
LASANDRA.HUGHES-BROWN@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 28E-2025-00392.

On behalf of the Commission,

Digitally Signed By:David Davis
02/06/2026

David Davis
District Director

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

**Cc:**

Bryan D Lemoine
Beckemeier LeMoine Law
13421 Manchester Rd. Ste. 105
Des Peres, MO 63131

Greg Tourigny
The Tourigny Law Firm LLC.
4600 Madison Ave Suite 810
Kansas City, MO 64112

Please retain this Notice for your records.

Electronically Filed - Butler - May 04, 2026 - 03:27 PM

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to  https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login  (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 28E-2025-00392 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 28E-2025-00392 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Electronically Filed - Butler - May 04, 2026 - 03:27 PM